PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1426
_____

IN RE: STERGIOS T. MESSINA and RENEE A. MESSINA,
                                                          Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 1:07-cv-01677-JBS)
District Judge: Honorable Jerome B. Simandle

EXERCISING APPELLATE JURISDICTION OF AN
ORDER
OF THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN
(B.C. No. 06-14240)
Bankruptcy Judge: Honorable Gloria M. Burns
_____

Argued: September 20, 2011
_____

Before: FISHER, HARDIMAN, and GREENAWAY, JR.,
*Circuit Judges.*

(Opinion Filed:  August 6, 2012)

_____

David A. Kasen (argued)
Kasen & Kasen
Society Hill Office Park, Suite 3
1874 East Marlton Pike (Route 70)
Cherry Hill, NJ 08003-2044
        *Counsel for Appellants*

Steven R. Neuner (argued)
Neuner and Ventura LLP
Willow Ridge Executive Office Park
750 Route 73 South, Suite 210
Marlton, NJ 08053-4133
        *Counsel for Appellee*

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Stergios and Renee Messina ("Appellants") appeal the January 31, 2011 Order of the District Court for the District of New Jersey, issued after the District Court's appellate review of the final order of the Bankruptcy Court.  The District Court affirmed the Bankruptcy Court's March 6,

2006 Order granting Appellee's[1] motion to value Appellants' exemption at zero and denying Appellants' cross-motion for an order requiring Appellee to pay Appellants the exemptions claimed in their Chapter 7 bankruptcy petition. In its 2007 Opinion, the District Court decided the issue in favor of the debtors (Appellants), reversing the Bankruptcy Court, and holding that the Trustee's late objection to Debtors' claimed exemptions were barred under Taylor v. Freeland & Kronz, 503 U.S. 638 (1992).

On remand, the District Court determined whether, in light of the additional guidance provided by the Supreme Court's opinion in Schwab v. Reilly, _U.S._, 130 S. Ct. 2652 (2010), the Trustee has a duty to object to the Debtors' claimed exemptions within the 30-day limit imposed by Fed. R. Bankr. P. 4003(b). The District Court found that the Trustee had no duty to object within 30 days under Schwab and affirmed the Bankruptcy Court's holding. The Debtors appealed. For the reasons below, we shall affirm the District Court's Order.

## I. BACKGROUND

On July 5, 2002, Renee Messina obtained a loan from National Penn Bank, secured by an $118,000 mortgage on residential property owned by her and her husband Stergios. Appellants later executed a second mortgage on their residence with Aames Funding Corporation, d/b/a Aames

---

[1] Appellee in this action is the attorney of record and is also referred to as "Trustee." Appellants are also referred to as "Debtors."

Home Loan for $118,000. The second mortgage was serviced by Litton Home Loans.

In May 2006, Appellants filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the District of New Jersey, along with the accompanying Bankruptcy Schedules. On Schedule A, entitled Real Property, Appellants listed their primary residence and valued the residential property at $230,000. Appellants submitted an amended Schedule C, where they claimed two exemptions in their residence. In the "Description of Property" column of Schedule C, the asset in which Appellants claimed an exemption is their residence, described as "251 Weymouth Rd., Mullica Township, NJ." (See Appellants' Br. at 1.) In the column labeled "Specify Law Providing Each Exemption," the Appellants listed 11 U.S.C. § 522(d)(1) and 11 U.S.C. § 522(d)(5). In the column labeled "Value of Claimed Exemption," the Appellants listed $36,900 for the § 522(d)(1) exemption and $250 for the § 522(d)(5) exemption. These are the maximum exemptions allowed under the statutory provisions cited. In the column labeled "Current Value of Property Without Deducting Exemption," the Appellants listed the full estimated value of the residence, $230,000. On Schedule D, Appellants listed Litton Home Loans as a creditor holding a secured claim of $113,657.86. On Schedule F, Appellants listed National Penn Bank as holding an unsecured non-priority claim in the amount of $396,171.13. The amounts claimed on Schedule D and Schedule F were not referenced or listed on Schedule C.

Appellee did not object to Appellants' exemptions within the 30-day limit provided by Fed. R. Bankr. P.

4

4003(b).[2]  Before the 30-day limitation period ran, Appellants informed Appellee that there were certain defects related to the National Penn Bank mortgage; specifically, that it had not been properly acknowledged by the Appellants (signed before a notary) when it was executed.  According to Appellee and the banks, the mortgage's defects in acknowledgement and recording made it defective as to subsequent purchasers and creditors, but not as to Appellants, who were the original parties to the mortgage agreement.

Thereafter, using his 'Strong-Arm' powers pursuant to 11 U.S.C. § 544(a), and relying on N.J. Stat. Ann. § 46:17-3.1, Appellee sought to avoid the National Penn Bank mortgage lien on the residence, and to preserve the value of the avoided mortgage for the benefit of the estate, pursuant to 11 U.S.C. § 551.[3]  The Trustee did so by filing a "Complaint to Avoid Mortgage and Other Liens," against National Penn Bank and others, wherein he listed the residential property for sale, and submitted a sale offer to the Bankruptcy Court for approval.  Appellee also moved for an order authorizing that the sale of the residential property was free and clear of liens, claims and interests, pursuant to 11 U.S.C. § 363(f), with such liens claims and interests to attach to the sale proceeds.[4]  The

---

[2] Fed. R. Bankr. P. 4003(b) requires an interested party to object to exemptions within 30 days of the initial creditors' meeting or the filing of the amended Schedule C.

[3] The Bankruptcy Code permits the debtor to eliminate some types of liens that interfere with an exemption claimed in the bankruptcy.  See 11 U.S.C. § 551.

[4] Under 11 U.S.C. § 363 – Use, sale, or lease of property – The trustee or debtor-in-possession may sell property free and

motion was granted and the Bankruptcy Court issued a Consent Order, with no objection from Appellants. The sale of the property was free and clear of all liens, and netted proceeds of $200,209.64. After payment of subordinate liens and sale expenses, as well as certain other fees and expenses allowed by the Bankruptcy Court, Appellee retained approximately $41,733, pending the outcome of this appeal.[5] The proceeds from the sale were placed into the bankruptcy estate.

Appellee also filed a notice of proposed settlement, where the National Penn Bank mortgage would be avoided, pursuant to N.J. Stat. Ann. § 46:17-3.1, and assigned to

---

clear of an interest in the property provided that one or more of the provisions under Section 363(f) is satisfied. Subsection (f) permits a trustee to sell property only if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>  (2) such entity consents;
>  (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>  (4) such interest is in bona fide dispute; or
>  (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

[5] Appellants' claim to substantially all of the remaining funds is the basis of this dispute. There would have been $15,417 remaining for the Trustee to apply to the estate debts if Appellants had received their exemption money.

Appellee by specific terms and the automatic assignment provisions of 11 U.S.C. § 551.

After the sale of the property, Appellee filed a 'Motion to Value the Debtors's Exemption in their Former Residence at a Zero Value' or in the alternative, 'to Declare it [Appellants' Exemption] Not to Extend to Sale Proceeds.'[6] Appellee asserted that Appellants had no equity in their home to which the homestead exemption could attach, and because of the continuing validity of the National Penn Bank Mortgage assigned to them, Appellants' claim of exemption in the residence was subordinate to, and did not extend to, Appellee's rights to the sale proceeds as successor mortgagee, and therefore, Appellants' exemption had no value. As such, Appellants would be denied access to proceeds from the sale of the residence.

Appellants cross-moved, seeking an order requiring Appellee to pay the claimed exemption of $37,150. Appellants contended that Appellee's valuation motion was out of time and therefore barred by Fed. R. Bankr. P. 4003(b) and the rule of Taylor[7], and that, in any event, they were entitled to the exemption on the merits because the National Penn Bank mortgage was void as of the date and time of the filing of the Chapter 7 bankruptcy, rather than voidable by Appellee.

---

[6] This motion was treated as an objection to the exemption.

[7] In Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), the Supreme Court of the United States held that even when an exemption claimed on Schedule C is without legal justification, it will stand if no objection is made within 30 days.

7

In a February 26, 2007 oral decision, the Bankruptcy Court granted the Trustee's motion to value Debtors' exemptions at zero and rejected Debtors' claim that the National Penn Bank mortgage was void. The Bankruptcy Court denied Debtors' cross-motion to compel payment of their claimed exemptions, and held that Debtors had no "present or available future claim by way of exemption to any net proceeds of the sale of 251 Weymouth Road, Mullica Township, New Jersey which the Trustee received, is holding or previously disbursed." (App. 53.) The Bankruptcy Court held that Debtors' "claimed exemptions under § 522(d)(1) and (5) were improper, because those sections of the Code only authorize the exemption of home equity owned by the Debtors at the time of filing the petition." (Bankruptcy Tr. 5:20-23, Feb. 26, 2007.) The Bankruptcy Court also found that, because the amount owed on the two mortgages exceeded the value of the residence, the Debtors had no equity to claim as exempt. Debtors claim that the National Penn mortgage was void rather than voidable was rejected by the Court, which found that under New Jersey law, the mortgage was only void against future creditors such as the Trustee, but was still valid against the Debtors. (Id. at 56:7-12.)

In addition, the Bankruptcy Court held that the Trustee's late objection was proper because the Debtors' Schedule C failed to give the Trustee sufficient notice of their effort to seek exemptions in the proceeds of the sale of the residence.[8] (Id. at 7:8-13.) The Court also rejected the

_____

[8] The Bankruptcy Court found that in order for the Debtors to claim the proceeds of the Trustee's sale of the residence as exempt, they would have had to claim their exemption under

8

Debtors' argument that the Trustee's late objection to their exemptions should be barred under Taylor, because by claiming their exemptions under § 522(d) instead of § 522(g), the Debtors had not given the Trustee sufficient notice of their intent to claim an exemption in the proceeds of the sale of the residence. (Id. at 8:15-21.) Consequently, the Bankruptcy Court issued an Order on March 3, 2007, granting Trustee's motion to value Debtors' exemptions at zero.

On April 10, 2007, Debtors filed an appeal of the Bankruptcy Court's order to the United States District Court for the District of New Jersey, arguing that the Bankruptcy Court erred in: (1) permitting Trustee's late objection; (2) valuing the residence exemptions at zero; and (3) denying Debtors from claiming exemptions from the proceeds of the sale.

On December 17, 2007, the District Court reversed the Bankruptcy Court's order, holding that, under Taylor, the Trustee's motion was barred because he failed to timely object within the 30-day period provided by Rule 4003(b). The District Court held that the Debtors' Schedules, taken as a whole, accurately listing the residence, the two mortgages and the amount claimed as exempt, and gave the Trustee adequate notice of the Debtors' intent to claim their exemption from the value of the residence after the National Penn Bank mortgage was voided by the Trustee. As a result, the District Court reversed the Order of the Bankruptcy Court

---

§ 522(g), which provides authority for debtors to claim exemptions in the proceeds of a sale following a trustee's avoidance action in limited circumstances. (Id. at 7:13-17.)

9

in favor of the Debtors and ordered that the matter be remanded to the Bankruptcy Court for further proceedings.

Appellee filed a Notice of Appeal to this Court, and oral argument was heard on March 3, 2009. Before oral argument, the Supreme Court of the United States granted certiorari in Schwab. In Schwab, a trustee was barred from objecting to an improper exemption because it was past the 30-day limit provided by Fed. R. Bankr. P. 4003(b), pursuant to the rule elucidated in Taylor. The Third Circuit issued an Order on April 30, 2009, holding the appeal C.A.V. pending the decision of the Supreme Court in Schwab. This Court also ordered supplemental briefs within ten days of the Supreme Court's decision. On July 9, 2010, after oral argument, this Court issued an opinion indicating that because the District Court did not have the benefit of Schwab when it made its initial decision, its December 17, 2007 Order was vacated. The matter was remanded to the District Court for redetermination in light of Schwab.

On remand, the District Court addressed whether, in light of the additional guidance provided by Schwab, Appellee had a duty to object to Appellants' claimed exemptions within the 30-day time limit imposed by Fed. R. Bankr. P. 4003(b). On January 31, 2011, the District Court submitted its Opinion and Order, affirming the March 6, 2007 Order of the Bankruptcy Court, and holding that Appellee had no duty to object within 30 days, under Schwab. On February 14, 2011, Appellants filed a timely Notice of Appeal.

10

## II.    JURISDICTION

The Bankruptcy Court had jurisdiction to hear and determine Appellee's motion, pursuant to 28 U.S.C. § 1334(a) and (b) and 28 U.S.C. § 157(a) and (b). The Bankruptcy Court also had jurisdiction related to a Standing Order of Reference entered by the District Court for the District of New Jersey. The District Court had jurisdiction to review the Order of the Bankruptcy Court, pursuant to 28 U.S.C. § 158(a).

We have jurisdiction to review the Order of the District Court, pursuant to 28 U.S.C. § 1291.

## III.    ANALYSIS

### A.    <u>Chapter 7 Bankruptcy and the Role of the Trustee</u>

When a party files a Chapter 7 bankruptcy petition, the United States Trustee appoints an impartial case trustee to administer the case and liquidate the debtor's nonexempt assets. 11 U.S.C. §§ 701, 704. The Bankruptcy Code allows the debtor to keep "exempt" property, but a trustee liquidates the debtor's remaining assets, which are now the property of the bankruptcy estate. <u>Id.</u>, <u>Schwab</u>, 130 S. Ct. at 2657 (quoting 11 U.S.C. § 541). The Bankruptcy Code specifies the types of property debtors may exempt, as well as the maximum value of the exemptions a debtor may claim in certain assets. <u>Id.</u> Property a debtor claims as exempt will be excluded from the bankruptcy estate unless a party in interest objects. <u>Id.</u> (Internal citations omitted.)

The main role of a trustee in an asset case (such as this one) is to liquidate the debtor's nonexempt assets in a manner that maximizes the return to the debtor's unsecured creditors. See 11 U.S.C. § 721. This occurs when the trustee sells the debtor's property if it is free and clear of liens, as long as the property is not exempt, or if it is worth more than any security interest or lien attached to the property and any exemption that the debtor holds in the property. Id. The trustee may also attempt to recover money or property under his "avoidance powers," which include the power to: (1) set aside preferential transfers made to creditors within 90 days before the petition; (2) undo security interests and other prepetition transfers of property that were not properly perfected under nonbankruptcy law at the time of the petition; and (3) pursue nonbankruptcy claims available under state law. Id.

**B.    Schwab and Schedule C**

In addition to the petition itself, the debtor also files a number of additional forms, including, but not limited to: (1) Schedules of assets and liabilities; (2) a Schedule of current income and expenditures; (3) a statement of financial affairs; and (4) a Schedule of executor contracts and unexpired leases. Fed. R. Bankr. P. 1007(b). One of the Schedules that must be filed is Schedule C – "Property Claimed as Exempt". Appellee argues that when the bankruptcy case was filed, there were two mortgages of record in the chain of title, one held by National Penn Bank, and one held by Litton Home Loans; neither of which were included on either the originally filed Schedule C list of exemptions claimed or the later amendment to Schedule C.

In Schwab, the Supreme Court modified Taylor, holding that Rule 4003's 30-day time limit applies to objections based on "three, and only three" elements of a claimed Schedule C exemption: (1) the description of the exempted property; (2) the Code provisions governing the claimed exemptions; and (3) the amount listed in the column titled "value of claimed exemption." Schwab, 130 S.Ct. at 2663. When the objection is based on other elements, the debtor's market value estimation and the estate's right to retain any value in the property beyond the value of the exempted interest, the 30-day time limit does not apply. See id. at 2665, n.15. According to the Supreme Court in Schwab, a trustee or other interested party has no obligation to object to an exemption claim unless the basis for that claim is found on the face of Schedule C. See id. at 2665. In addition, when determining whether an exemption is objectionable, Appellee only has to "evaluate the propriety of the claimed exemptions based on three, and only three, entries on Reilly's Schedule C: the description of the [asset] in which [the debtor] claimed the exempt interests; the Code provisions governing the claimed exemptions; and the amounts [the debtors] listed in the column titled 'value of claimed exemption.'" Id. at 2663.

## C.  The National Penn Bank Mortgage and New Jersey Law

Under the Bankruptcy Code, an individual debtor is allowed to protect specific property from creditors because that property is exempt under federal bankruptcy law or under the laws of the debtor's home state. 11 U.S.C. § 522(b). Both parties in this case agree that state law governs the definition of property interests. They also agree that the

13

National Penn Bank mortgage was defective in acknowledgment and recording, and falls within the category of "unregistered mortgages" discussed in N.J. Stat. Ann. § 46:17-3.1.

Both Appellants and Appellee rely on N.J. Stat. Ann. § 46:17-3.1 as support for their respective positions. The statute reads:

> Every mortgage or conveyance in the nature of a mortgage of and for any lands, shall be void and of no effect against a subsequent judgment creditor, or bona fide purchaser, or mortgagee for a valuable consideration, not having notice thereof, unless such mortgage shall be acknowledged or proved according to law, and be recorded, either by registry as hereinbefore provided or by recording in full, or lodged for that purpose with the county recording office of the county in which such lands are situated, at or before the time of entering such judgment or of recording or lodging with said county recording officer, the said mortgage or conveyance to such subsequent purchaser or mortgagee, provided nevertheless, that such mortgage as between the parties and their heirs shall be valid and operative.

N.J. Stat. Ann. § 46:17-3.1 (repealed 2012).

Appellants argue that at the time the bankruptcy petition was filed, the National Penn Bank mortgage was void and of no effect. Appellants claim that their property interests

were enhanced by Appellee's exercise of his avoidance powers because the National Penn Bank mortgage was "void by statute and void by case law" immediately when they filed for bankruptcy, pursuant to N.J. Stat. Ann. § 46:17-3.1, and for that reason, they have equity in their residence. They further argue that because of that equity, they properly selected the $36,900 exemption, pursuant to § 522(d)(1) of the Bankruptcy Code, and the $250 exemption, pursuant to § 522(d)(5) of the Bankruptcy Code. [9]

In support of their position, Appellants cite to In re Buchholz, 224 B.R. 13 (Bankr. D.N.J. 1998). In Buchholz, the Bankruptcy Court held that under N.J. Stat. Ann. § 46:17-3.1, an improperly recorded mortgage was "unsecured as of the date the petition was filed" against the Chapter 12 debtor in possession. Id. at 23. Appellants argue that just like the improperly recorded mortgage in Buchholz, the National Penn Bank mortgage was improperly recorded and therefore void as against them. Appellants also argue that the Court should allow their exemption in their residence because without the National Penn Bank mortgage they had an interest greater than their claimed exemptions.

Additionally, Appellants assert that when the bankruptcy petition was filed, the property reverted to the estate, giving Appellee all the rights, powers and status of a

---

[9] 11 U.S.C. § 522(d)(1) provides that the aggregate interest is not to exceed $21,625 in value, in real property or personal property. At the time Appellants filed, each debtor could exempt up to $18,450 of equity owned by the debtor. Pursuant to 11 U.S.C. § 522(d)(5), Appellants could claim an additional $1,150 per person as an exemption.

15

bona fide purchaser. At the same time, the National Penn Bank mortgage became void and of no effect because it was not properly acknowledged.[10] Lastly, under New Jersey state law, the National Penn Bank did not have a valid secured claim and Appellants had the ability to exempt their interest in the property under 11 U.S.C. § 522(d)(1) and (5) of the Bankruptcy Code, and did so.

Contrarily, Appellee urges that the National Penn Bank mortgage was not void upon filing, but was recorded in the chain of title of Appellants' residence on the date of filing for bankruptcy. As such, it was not invalid on its face. Appellee contends that unless there was some ruling by a court or some other filing, there was a "presumption of validity" regarding the National Penn Bank Mortgage. (Appellee Br. at 22.) Appellee argues that "even a defectively recorded mortgage remains a presumptively valid lien on title until a court of competent jurisdiction makes a finding upon evidence that is clear, convincing and satisfactory that it is void." Id.

Appellee asserts that the secured claim was void as to the claims of junior lienholders, but it was always valid as to Appellants. (Appellee Br. at 10.) Appellee claims that a valid recording is only required to preserve the priority of a mortgage against junior lien holders and bona fide purchasers for value without notice. See Appellee Br. at 17, see also Cox v. RKA Corp., 164 N.J. 487, 496-97 (N.J. 2000).

---

[10] Appellants argue that because the National Penn Bank mortgage was not acknowledged in the presence of a notary public as required by law, it was not properly executed, and was therefore void under New Jersey state law.

Furthermore, argues Appellee, Buchholz, upon which Appellants heavily relied, is inapposite. In Buchholz, the Bankruptcy Court held that because the mortgage was defectively acknowledged, the accompanying debt was unsecured under applicable New Jersey state law. 224 B.R. at 23. The Court also found that the debtor's obligation to pay the loan was not eliminated under state law. The acknowledgement, whether faulty or not, has no bearing on whether the mortgage is void.

In the present case, we find that National Penn Bank's mortgage was unsecured as of the date the petition was filed, as it was defectively acknowledged, and failed to perfect National Penn Bank's security interest. However, Appellants are still obligated to pay the National Penn Bank mortgage under state law and the National Penn Bank mortgage was still valid as to Appellants. See Buchholz, 224 B.R. at 23; see e.g., Moore v. Riddle, 82 N.J. Eq. 197, 203 (Ch. 1913) (a certificate of acknowledgement is not essential to validity).

Equity

Appellants argue that they are entitled to the exemption they claimed in their residence. They argue that through Appellee's sale, equity was created in the residence, to which the exemption they declared could attach. We disagree.

At the time of the initial filing, Appellants' property interest in their residence was subject to two mortgages, one of which was held by National Penn Bank. Any equity in the property was subject to those mortgages. Filing for bankruptcy does not create new property rights or value

17

where there previously were none.  See Butner v. United States, 440 U.S. 48, 55 (1979).  Appellants' property interests were determined as of the date they filed for bankruptcy.  See Kollar v. Miller, 176 F.3d 175, 178 (3d Cir. 1999) ("The estate is determined at the time of the initial filing of the bankruptcy petition . . .").  There was no equity in the property to exempt at the time Appellants filed for bankruptcy, because the combination of the two mortgages was greater than the value of the exemption itself.  Appellants would either need to have avoidance powers similar to those of Appellee, or have the ability to benefit from the avoidance Appellee obtained from National Penn Bank.  Appellee claims that Appellants are not entitled to the proceeds from the avoidance but are only entitled to the equity in the residence, which Appellee claims is zero because the two mortgages totaled more than the estimated value of the property.  Appellee contends that Appellants are attempting to recover from the avoidance he obtained from National Penn Bank.

We have previously held that a debtor is not entitled to benefit from any avoidance.  In re Cybergenics Corp., 226 F.3d 237, 244-47 (3d Cir. 2000) (noting that courts have limited a debtor's exercise of avoidance powers to circumstances in which such actions would in fact benefit the creditors, not the debtors themselves); see, e.g., Wellman v. Wellman (In re Wellman), 933 F.2d 215, 218 (4th Cir. 1991) (holding that the avoidance powers provide for recovery only if the recovery is for the benefit of the estate).  However, a debtor may benefit from an avoidance if he files an exemption, pursuant to 11 U.S.C. § 522(g).  "[T]he basic purpose of section 522(i)(2) is to make such property available to the debtor as well as the estate, but only as

18

expressly provided; that is, 'to the extent that the debtor may exempt such property under subsection (g) [of section 522] or paragraph 1 of [section 522(i)]'." See In re Simonson, 758 F.2d 103, 106 (3d Cir. 1985). Appellants very clearly stated that they had no intention of filing under 11 U.S.C. § 522(g). As such, the fact that they filed for Chapter 7 but did not file for an exemption under 11 U.S.C. § 522(g) precludes them from receiving anything from Appellee's avoidance action.

The District Court correctly held that the avoidance of the National Penn Bank mortgage was a separate asset from that claimed as an exemption by Appellants, as they claimed an exemption in the residence, not in the proceeds from the sale of the residence.

**D.    Timeliness of Appellee's Objection to Appellants' Claimed Exemption**

Appellants contend that Appellee failed to timely object to their claimed exemption, pursuant to Taylor and for that reason, they are entitled to their claimed exemptions. They argue that Appellee had forfeited his claim to any portion of the property value because he had not objected within 30 days, as provided by Rule 4003(b). In Taylor, the Supreme Court of the United States held that even when an exemption claimed on a Schedule C form is without legal justification; it will stand if no objection is made within 30 days. Id. at 643-44.

However, Taylor is no longer controlling on this issue. As Appellants' case was proceeding, the Supreme Court of the United States was considering similar issues in Schwab.

19

We held this case C.A.V. while the Supreme Court decided Schwab, which now governs.

In Schwab, the debtor (Reilly) filed for Chapter 7 bankruptcy, claiming exemptions in her business equipment, pursuant to 11 U.S.C. § 522(d)(5) and (6). The trustee, Schwab, did not object to Reilly's claimed exemptions because the dollar amount Reilly assigned to each exemption fell within the limits permissible pursuant to 11 U.S.C. § 522(d)(5) and (6).[11] Because the appraisal of the exemption indicated that the total market value of Reilly's business equipment could be as much as $17,200, the trustee petitioned the Bankruptcy Court for permission to auction the claimed equipment. This would allow Reilly to receive the $10,718 she claimed as exempt, and allow the estate to use the remaining proceeds to distribute to Reilly's creditors. Reilly objected to the petition, arguing that by equating the total value of the exemptions she claimed in the equipment with the equipment's estimated market value on Schedule C, she had put Schwab and her creditors on notice that she intended to exempt the equipment's full value, even if that amount turned out to be more than the dollar amount she declared, and more than the Bankruptcy Code allowed. Reilly contended that because her Schedule C filing put the trustee on notice, the trustee was obligated to object within the 30 day time period allowed under Rule 4003(b) and because he did not object, Schwab forfeited his claim to any value in the equipment.

---

[11] Reilly claimed exemptions in her business equipment totaling $10,718.

The Bankruptcy Court of the Middle District of Pennsylvania agreed with Reilly, and denied Schwab's motion to sell the equipment. Schwab appealed to the District Court. Id. The District Court denied Schwab relief, rejecting his argument that neither the Code nor Fed. R. Bankr. P. 4003(b) requires a trustee to object to a claimed exemption where the amount the debtor declares as the exemption's value is within the limits the Code prescribes. Id.

We held that "Schwab's failure to object to Reilly's claimed exemptions entitled Reilly to the equivalent of an in-kind interest in her business equipment, even though the value of that exemption exceeded the amount that Reilly declared on Schedule C and the amount that the Code allowed her to withdraw from the bankruptcy estate." Id. at 2659. We affirmed the District Court's affirmance of the Bankruptcy Court. The Trustee appealed to the Supreme Court of the United States.

The Supreme Court reversed and remanded, and clarified the trustee's duty to object within 30 days. The Supreme Court held that:

> "The issue is whether an interested party must object to a claimed exemption where, as here, the Code defines the property the debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset, and the debtor's schedule of exempt property accurately describes the asset and declares the 'value of [the] claimed exemption' in that asset to be an amount within the limits that the Code

21

prescribes. Fed. Rule Bankr. Proc. Official Form 6, Schedule C (1991) (hereinafter Schedule C). We hold that in cases such as this, an interested party need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor declared exempt."[12]

Id. at 2657.

In the present case, Appellants claimed exemptions in the property pursuant to 11 U.S.C. § 522(d)(5) and (6). Although Appellee failed to object to the exemptions within the 30 day time limit prescribed by law, it did not result in an automatic forfeiture of his right to object, pursuant to Schwab. Id. at 2658. The District Court initially relied on the basis of Fed. R. Bankr. P. 4003(b) and Taylor. Rule 4003(b) provides that "a party in interest may file an objection to the list of property claimed as exempt only within 30 days after … any amendment to the list or supplemental schedules is filed." 11 U.S.C. § 522(l) provides the consequences for failure to object: "unless a party in interest objects, the property claimed as exempt on such list is exempt." We vacated and remanded to allow the District Court to reconsider in light of the Supreme Court's decision in Schwab.

---

[12] The value of the claimed exemption may not exceed a certain dollar amount, in a particular type of asset, and the debtor's Schedule of exempt property must accurately describe the asset. Schwab, 130 S. Ct. at 2658.

22

The District Court was required to make two determinations: (1) whether the Trustee's late objection is barred by Rule 4003(b), regardless of the merits of the objection itself; and (2) if after Schwab, the objection is not barred under Fed. R. Bankr. P. 4003(b), whether the Trustee's objection should be upheld on the merits.

In deciding the first question, the District Court was required to determine whether the asset the Debtors claimed as exempt on their amended Schedule C is the same asset that the Trustee was seeking to shield from Debtors. The District Court reasoned that "[i]f the proceeds of the recovered National Penn mortgage are the same asset that Debtors claimed as exempt, then Trustee's motion would seem to be merely an out-of-time objection to the value claimed as exempt, barred even after Schwab." (Messina v. Neuner (In re Messina), 2011 U.S. Dist. LEXIS 9637, *19 (D.N.J. Jan. 31, 2011)). However, if "the asset claimed as exempt is a separate asset which Debtors then sought to reach through their claimed exemption, then Trustee's objection, after Schwab, would not be barred by Rule 4003(b)." Id. The District Court found that the Debtors' amended Schedule C claimed an exemption in only the equity in the residence owned by Debtors at the time they filed their petition. Id. at *17. The Court reasoned that "[w]ere the proceeds of an avoided mortgage deemed to be reachable under § 522(d) despite the language of § 550, there would be no need for the separate subsection of § 522(g)." Id. at *20.

The District Court also found that the Trustee's objection "was not time-barred because he had no duty to object within 30 days under Schwab." The Court concluded that "the Trustee's objection, to applying Debtors' claimed

23

exemption in the equity in their house to the separate asset of proceeds recovered by the Trustee's voidance of the National Penn mortgage, falls outside of the three elements of Schedule C identified in Schwab, and is therefore not subject to Rule 4003(b)(2)'s 30-day limitation." Id. at *21-22.

The second question the District Court addressed was whether to affirm the Bankruptcy Court's ruling on the merits. The Trustee argued that the National Penn Bank mortgage continued to be valid as against the Debtors at the date they filed their Chapter 7 petition. The Trustee also distinguished Buchholz, in that as a Chapter 12 debtor in possession, the debtor in that case possessed the avoidance powers of the trustee. Those powers are not available to the Chapter 7 Debtors in this case.

The District Court agreed with the Trustee's reasoning, stating that "the holding of In re Buchholz is not applicable in a case where, as here, the Debtors are not acting pursuant to the voidance powers of a debtor in possession." (In re Messina, at *25.) The District Court held that "Buchholz is not applicable to a Chapter 7 debtor as found in this case, and that consequently, the National Penn mortgage was not automatically void as against Debtors on the date the petition was filed. As a result, the Trustee is correct that Debtors did not have an equity interest in their residence to claim as exempt on their Schedule C." Id. at *26.

The District Court concluded "after careful analysis of the record before it, that the Trustee had no duty to object to Debtors' effort to extend their claimed exemption in the equity of their residence to the separate asset of the recovered National Penn mortgage within 30 days, and that the

24

Bankruptcy Court therefore properly considered Trustee's objection." Id. The District Court also concluded that the Bankruptcy Court properly granted Trustee's motion to value at zero Debtors' claimed exemptions in their residence.

The District Court applied Schwab appropriately and concluded that the 30-day time period in which to object to Appellants' exemptions under Rule 4003(b) did not preclude the Trustee from objecting. The Trustee's objection was timely. Further, the Trustee's objection is valid. Appellants did not provide sufficient notice through their disclosure in Schedule C that they intended to exempt the property's full value. Under Schwab, Appellee must prevail.

## IV. CONCLUSION

For the reasons set forth above, we shall affirm the Order of the District Court.