08-3973-ag
Fuller v. Bd. of Immigration Appeals

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: February 16, 2012                    Decided: October 16, 2012)

Docket No. 08-3973

_____

NADEISHA LOTHA FULLER,

*Petitioner*,

v.

BOARD OF IMMIGRATION APPEALS,

*Respondent*.

_____

Before: JACOBS, *Chief Judge*, CALABRESI and POOLER, *Circuit Judges*.

The government moves to dismiss Nadeisha Lotha Fuller's petition for review for lack of

jurisdiction because, in a subsequent order, the Board of Immigration Appeals vacated and

superseded the order under review.  We hold that this petition is moot because we can provide no

effective relief from a removal order that has been vacated and replaced by an order that relies on

materially different reasoning.

Petition dismissed.  Chief Judge Dennis Jacobs concurs in a separate opinion.

_____

DANIEL SCHWARTZ, Day Pitney LLP (Victoria Woodin
Chavey, *on the brief*), New York, N.Y., *for Petitioner*.

MATT A. CRAPO, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Tony West, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel, *on the brief*), Washington, D.C., *for Respondent*.

POOLER, *Circuit Judge*:

Nadeisha Lotha Fuller filed the instant petition for review of a final order of removal and moved the Board of Immigration Appeals ("BIA") to reconsider that order. The BIA subsequently granted Fuller's motion to reconsider, vacated the order of removal that is the subject of this petition for review, and issued a new final order of removal. Fuller did not petition for review of the subsequent order. The government moves to dismiss the petition, arguing that we lack jurisdiction over a vacated order. Fuller responds that we retain jurisdiction because the BIA's subsequent order left the reasoning of the prior order intact and vacated it in name only.

We hold that this petition is moot because we can provide no effective relief from a removal order that has already been vacated. We do not decide, however, whether a petition for review of a vacated order would present a live case or controversy if the order granting reconsideration and vacating the prior order left the reasoning of the prior order substantially intact. Here, the order granting Fuller's motion to reconsider both vacated and materially altered her prior order of removal. Accordingly, we grant the government's motion to dismiss. Fuller is not without recourse, however; while the vacated order is unreviewable, Fuller may obtain review of the decision on reconsideration if she succeeds in moving the BIA to reissue that decision. *See Luna v. Holder*, 637 F.3d 85, 97, 104 (2d Cir. 2011).

**BACKGROUND**

Fuller, a citizen and national of Jamaica, was admitted to the United States in 1992. In 2003, an Immigration Judge ("IJ") ordered Fuller removed on the ground that she had been convicted of an aggravated felony. *See* Immigration and Nationality Act ("INA") § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA dismissed Fuller's appeal, Fuller petitioned for review, and this Court remanded the case to the BIA on the government's motion.

On remand, the IJ again ordered removal. On July 15, 2008, the BIA dismissed Fuller's appeal. *See In re Fuller*, No. A043 093 854 (B.I.A. July 15, 2008) ("2008 Order"). Fuller filed the instant petition for review and also moved the BIA to reconsider its 2008 Order. *See* 8 U.S.C. § 1229a(c)(6) (providing for BIA reconsideration of removal decisions). On the stipulation of the parties, this Court permitted Fuller to withdraw the petition without prejudice to its reinstatement upon the BIA's deciding the motion to reconsider.

In an order dated May 26, 2009, the BIA granted Fuller's motion to reconsider, concluded that the 2008 Order "was issued in error," vacated it, and dismissed anew Fuller's appeal from the IJ's removal order. *In re Fuller*, No. A043 093 854 (B.I.A. May 26, 2009) ("2009 Order"). Fuller's attorney did not learn of the new order until July 29, 2009, however, because the law firm did not properly route the order to Fuller's attorney. By that time, the 30-day deadline to petition for review of the 2009 Order had passed. *See* 8 U.S.C. § 1252(b)(1).

When Fuller moved to reinstate the instant petition for review, the government opposed, arguing that the 2009 Order had divested our jurisdiction over the 2008 Order by vacating it, and that we lacked jurisdiction over the 2009 Order because Fuller had not petitioned for review of

3

that order. This Court reinstated the petition and treated the government's opposition as a motion to dismiss, which is now before us.

## DISCUSSION

### I.

This Court reviews its subject matter jurisdiction de novo. *Sol v. INS*, 274 F.3d 648, 650 (2d Cir. 2001). Courts of appeals have jurisdiction only over petitions for review that are timely filed and that seek review of removal orders that are "final" under the INA. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1); *see Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *Malvoisin v. INS*, 268 F.3d 74, 75-76 (2d Cir. 2001). The government argues that the 2008 Order is no longer a final order of removal under the INA because it has been vacated. *See* INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B) (setting forth the circumstances under which a removal order becomes "final").

We are not persuaded, however, that statutory finality is the relevant jurisdictional inquiry. At the outset, we observe that there is no dispute that the 2008 Order was "final" under the INA at the time Fuller filed the instant petition for review, and the government has not articulated in what way the vacatur affected the finality of the 2008 Order.

A petitioner may concurrently file a petition for review of a final order and move the BIA to reconsider that same order. *See Stone v. INS*, 514 U.S. 386, 393-94 (1995). The BIA's disposition of a motion to reconsider is a new final order; to seek review of that order, the petitioner must file a new petition for review. *Stone*, 514 U.S. at 395; *see also* 8 U.S.C. § 1252(b)(6).

*Filing* a motion to reconsider a final order does not affect the justiciability of a pending

4

petition for review of that order. *See Stone*, 514 U.S. at 394-95. Nor, moreover, does the BIA's *denial* of a motion to reconsider. *Id.* at 395; *Khouzam v. Ashcroft*, 361 F.3d 161, 167 (2d Cir. 2004). Neither the Supreme Court nor this court, however, has addressed the effect, if any, of the BIA's *grant* of a motion to reconsider on the finality of the underlying order.

Instead of statutory finality, however, we think the proper doctrine to determine the justiciability of a vacated order is that of mootness. The mootness doctrine derives from Article III of the Constitution, which limits federal jurisdiction only to live cases or controversies. U.S. Const. art. III. "[U]nder the mootness doctrine, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (internal quotation marks omitted). Here, we cannot grant any effective relief to Fuller because the 2008 Order has already been vacated by the express language of the 2009 Order. *See* 2009 Order at 2 ("[T]he Board's decision dated July 15, 2008, is vacated. . . ."). Therefore, the petition before us is moot, and we lack jurisdiction to review it.

## II.

Fuller argues that we retain jurisdiction over the 2008 Order notwithstanding the fact that it has been vacated because the 2009 Order did not substantively alter the reasoning of the prior order; relying on the express vacatur, she argues, would "[e]levat[e] form over substance." Fuller is correct that the majority of circuits to consider the effect of the grant of a motion to reconsider on the justiciability of the underlying order have concluded that the underlying order remained final and was not moot where the subsequent grant of reconsideration modified the prior order but left the reasoning of the prior order intact. *See Espinal v. Holder*, 636 F.3d 703,

706 (5th Cir. 2011) (concluding Court retained jurisdiction where subsequent order "left intact the earlier order's general legal analysis" and "[n]o material change occurred"); *Thomas v. Att'y Gen. of U.S.*, 625 F.3d 134, 141 (3d Cir. 2010) (court retained jurisdiction where subsequent order "adhered to its earlier legal analysis" and "did not vacate or substantially modify" the prior decision); *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 746 (9th Cir. 2008) (retaining jurisdiction where BIA "expressly affirmed its prior decision" and "its analysis . . . was substantially the same as in its previous order"), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1352 (11th Cir. 2005) (retaining jurisdiction where "grant of reconsideration actually upheld and affirmed the conclusions of the prior order"). *But see Mu Ju Li v. Mukasey*, 515 F.3d 575, 580 (6th Cir. 2008) (departing from case-by-case approach and holding, categorically, that where the BIA grants reconsideration and "renders a new decision addressing the issues presented in the [prior decision], then the new decision effectively vacates the prior decision," and the court no longer has jurisdiction to review it (footnote omitted)).

None of these decisions, however, addressed a grant of reconsideration that expressly vacated the prior order. To the extent these decisions have addressed express vacatur, they suggest that it is sufficient to divest jurisdiction—under a theory either of mootness or of non-finality—without inquiring whether the subsequent order materially changed the reasoning of the prior order. *See Espinal*, 636 F.3d at 706 ("[T]he [subsequent] Order did not vacate or materially change [the prior] Order. We thus retain appellate jurisdiction."); *Thomas*, 625 F.3d at 141 ("The question for this Court . . . is whether the [grant of reconsideration] vacated or materially altered [the prior] decision."); *Plasencia-Ayala*, 516 F.3d at 745 ("Once a petition for review has

6

been filed, federal court jurisdiction is divested only where the BIA subsequently vacates or materially changes the decision under review."); *id.* at 745 n.3 ("Since the BIA has the power to vacate its decisions expressly, there is little need to adopt a rule that every grant of a motion to reconsider constitutes a *de facto* vacature of its prior decision."); *see also Jaggernauth*, 432 F.3d at 1351 (reasoning that the subsequent order "explicitly upholds" the prior order, suggesting that the BIA intended "to leave the [prior] order . . . intact and unmodified").

We need not and do not decide, however, whether express vacatur might not moot the previous order if the subsequent order otherwise left the reasoning of the original order undisturbed. In Fuller's case, the 2009 Order did not simply *state* that the prior order was vacated, but also materially altered the substance of the prior order so as to effectively supersede it.

The 2009 Order addressed and corrected a serious error in the 2008 Order: the 2008 Order was a nearly identical copy of an order the BIA had issued in Fuller's case three years earlier. *Compare In re Fuller*, No. A043 093 854 (B.I.A. May 4, 2005), *with* 2008 Order. Accordingly, the 2008 Order addressed neither the IJ decision that was the subject of Fuller's appeal nor the issues Fuller presented in her BIA appeal brief. *See* 2009 Order at 1 (acknowledging error). In contrast, the 2009 Order not only reviewed, but also adopted and supplemented, the very IJ decision that the BIA had overlooked in 2008. *See* 2009 Order at 1-2. Moreover, the 2009 Order principally addressed itself to two issues that the BIA had not addressed in the 2008 Order. *Compare* 2009 Order at 2, *with* 2008 Order.[1] Finally, the 2009

---

[1] The two issues are: (1) whether the IJ had improperly relied on evidence of Fuller's specific criminal conduct to determine whether she was convicted of an aggravated felony, and (2) whether the IJ had erroneously considered the risk of *physical injury* rather than the risk of

Order relied on authority, *Canada v. Gonzales*, 448 F.3d 560 (2d Cir. 2006), that appears nowhere in the 2008 Order. *Compare* 2009 Order at 2, *with* 2008 Order. Considering all of these changes in their totality, we conclude that the 2009 Order materially altered and effectively superseded the 2008 Order.

Accordingly, we hold that we lack jurisdiction to review the 2008 Order because the 2009 Order rendered it moot by vacating it both expressly and substantively.

**III.**

Because Fuller did not petition for review of the 2009 Order and the mandatory deadline to do so has passed, this court lacks jurisdiction to review that order. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Malvoisin*, 268 F.3d at 75-76. Fuller may, however, obtain review of the 2009 Order if she successfully moves the BIA to reopen her proceedings and reissue that order on the ground that ineffective assistance of counsel prevented her from timely petitioning for review. *See Luna v. Holder*, 637 F.3d 85, 97 (2d Cir. 2011); 8 U.S.C. § 1229a(c)(7). Although such a motion to reopen would be time-barred in Fuller's case because more than 90 days have passed since the 2009 Order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), the timeliness requirement is not jurisdictional and may be equitably tolled if Fuller has been diligent. *See Luna*, 637 F.3d at 95-96, 99. We express no view on the merits of such a motion, but we observe that the BIA's reissuance of the 2009 Order would "trigger[] a new thirty-day period to obtain judicial review." *Lewis v. Holder*, 625 F.3d 65, 68 (2d Cir. 2010). If the BIA denied the motion, Fuller would then have thirty days to petition this Court for review of the denial, and this Court could remand, or

---

the *use of physical force* in the commission of the crime in determining whether the offense came within the definition of a crime of violence under 18 U.S.C. § 16(b).

8

even order the BIA to reissue the order, if it concluded the BIA erred in denying the motion. *See Luna*, 637 F.3d at 97, 103.

## CONCLUSION

For the reasons stated above, the government's motion is GRANTED, and Fuller's petition for review is DISMISSED for lack of jurisdiction.