18-3024-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
>ROBERT A. KATZMANN,
>*Chief Judge,*
>PETER W. HALL,
>RICHARD J. SULLIVAN,
>*Circuit Judges.*

---

In re: Quest Ventures, Ltd.,

>*Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Marie Guerrera Tooker,

>*Appellant,*
>v.                                                              18-3024

Allen B. Mendelsohn,

>*Trustee-Appellee,*

Quest Ventures, Ltd.,

>*Debtor-Appellee,*

IPA Asset Management, IV, LLC,

                *Creditor-Appellee.*

_____

<table>
<tr><td>FOR APPELLANT:</td><td>Marie Guerrera Tooker,<br>pro se, Riverhead, NY.</td></tr>
<tr><td>FOR TRUSTEE-APPELLEE:</td><td>Fred S. Kantrow,<br>Rosen & Kantrow, PLLC,<br>Huntington, NY.</td></tr>
<tr><td>FOR DEBTOR-APPELLEE:</td><td>Richard F. Artura,<br>Phillips, Weiner, Artura,<br>Cox & McDonaugh,<br>Lindenhurst, NY.</td></tr>
<tr><td>FOR CREDITOR-APPELLEE:</td><td>Kevin J. Nash,<br>Goldberg Weprin Finkel<br>Goldstein LLP,<br>New York, NY.</td></tr>
</table>

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** as moot.

Appellant Marie Guerrera Tooker, proceeding pro se, appeals the district court's judgment affirming a bankruptcy court order directing her to vacate and cease the use of a Suffolk County Farm (the "Farm") owned by the Debtor, Quest Ventures, Ltd. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When a bankruptcy appeal reaches us after district court review," this Court conducts a plenary review of the bankruptcy court order, "evaluating the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re N. New Eng. Tel. Operations LLC*, 795 F.3d

2

343, 346 (2d Cir. 2015).

"The mootness doctrine derives from Article III of the Constitution, which limits federal jurisdiction only to live cases or controversies. Under the mootness doctrine, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." *Fuller v. Bd. of Immigration Appeals*, 702 F.3d 83, 86 (2d Cir. 2012) (internal quotation marks, citation, and alteration omitted).

The order that is the subject of this appeal directed Tooker to "vacate and cease the use of any and all property of the Debtor." Order Directing All Parties to Vacate, *In re Quest Ventures, Ltd.*, No. 15-bk-75499 (Bankr. E.D.N.Y. July 20, 2017), ECF No. 143 at 1–2. This order can no longer be enforced for two reasons. First, Tooker has already vacated and ceased to use the Farm, having been removed by the United States Marshals. Because the order has been fully executed, our review could not grant Tooker any effectual relief. *Cf. Bank of N.Y. Co. v. Ne. Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d Cir. 1993) ("In general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined."). Second, the Farm has since been sold and thus is no longer "property of the Debtor" to which Tooker might return. By its own terms, then, the order has no force going forward.

Accordingly, we are without authority to consider Tooker's arguments regarding the merits of this appeal. Instead, we must DISMISS the appeal as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court