Secretary of Labor v. Angelica Textile Servs., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of May two thousand twenty.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             PETER W. HALL,
                  *Circuit Judges*.

---

EUGENE SCALIA, ESQ., SECRETARY OF LABOR,

                  *Petitioner*,

              v.                                          18-2831

ANGELICA TEXTILE SERVICES, INC.,[1]

                  *Respondent*.

---

Appearing for Petitioner:     Brian Broecker (Edmund C. Baird, Associate Solicitor of Labor for Occupational Safety and Health, Heather R. Phillips, Counsel for Appellate Litigation, *on the brief*), *for* Kate S. O'Scannlain, Solicitor of Labor, United States Department of Labor, Washington D.C.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Amicus Curiae:        Charles D. Cole, Jr., Newman Myers Kreines Harris, P.C., New York, N.Y, *court-appointed amicus curiae in support of Respondent*.

Petition for review of an order of the Occupational Safety and Health Commission.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order be and it hereby is **VACATED and REMANDED**.

The Secretary of Labor appeals from a June 24, 2018 decision and order of the Occupational Safety and Health Commission (the "Commission") assessing a single group penalty of $7,000 against Angelica Textile Services Inc. ("Angelica") for violations pursuant to the Occupational Safety and Health Act of 1970 ("OSH Act"), 29 U.S.C. §§ 651-678. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Significantly, as the case was pending before the Commission, Angelica filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Angelica has not appeared through counsel in this matter and is in default on appeal. Further, the Secretary did not file a proof of claim before the bar date for government claims in that proceeding. The threshold question then is whether these developments make this appeal moot.

Article III of the Constitution limits our power to hear cases or controversies. U.S. Const. art. III, § 2, cl. 1. That is to say, "the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ.*, 260 F.3d 114, 118 (2d Cir. 2001). The relevant consideration with respect to mootness "is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004) (quotation omitted). If it is "impossible . . . to grant any effectual relief whatever to a prevailing party," the court "must dismiss the case, rather than issue an advisory opinion." *Fuller v. Bd. of Immigration Appeals*, 702 F.3d 83, 86 (2d Cir. 2012).

The Secretary argues that there is still a live case or controversy because our Court can grant effectual relief by reclassifying the violations and assessing the appropriate penalty for Angelica, which would deter other would-be violators and aid the Secretary's enforcement obligations under the OSH Act. We disagree. Indeed, even the Secretary "accepts that he will not actually be able to collect the penalty that is ultimately assessed by Angelica." Petitioner's Reply Br. at 9 n.2. And because there is no prospect of effective recovery, any opining by this Court on the substantive merits of this case would constitute the type of academic exercise precluded by Article III. Accordingly, we find that the appeal is moot.

Because we have found that the appeal is moot, the Commission's order should likewise be vacated as moot. *See Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (when events have rendered the underlying controversy moot, we vacate the judgment below and remand for entry of a judgment of dismissal); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482 (1990) ("Our ordinary practice in disposing of a case that has become moot on appeal is to

vacate the judgment with directions to dismiss."). We therefore vacate the order and remand with instructions for the Commission to dismiss.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the decision and order of the Commission hereby is VACATED and REMANDED with instructions to dismiss the matter.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] The Court thanks amicus curiae for its services, which greatly aided the Court in its deliberations.

3