07-4126-ag
Severino v. Mukasey

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: September 25, 2008    Decided: December 3, 2008)

Docket No. 07-4126-ag

- - - - - - - - - - - - - - - - - - - - -x

Ramon Julian Severino,

    Petitioner,

   - v.-

Michael B. Mukasey, Attorney General
for the United States,

    Respondent.

- - - - - - - - - - - - - - - - - - - - -x

  Before:   JACOBS, Chief Judge, WESLEY and HALL,
       Circuit Judges.

  Petitioner Ramon Julian Severino petitions from a final order of removal entered in the Board of Immigration Appeals on August 27, 2007. An Immigration Judge found that Severino's status had been terminated by law when he failed to appear at a personal interview in connection with his petition to remove conditions on his status. Severino argues that his filing of a second petition to remove conditions extended his term of residency and entitles him

to withholding of removal.  For the following reasons, we deny the petition for review in part and dismiss in part.

JAMES A. WELCOME, Esq., Waterbury, Connecticut, for Appellant.

MICHAEL F. SARKO, Esq., United States Department of Justice, Office of Immigration Litigation, for Gregory G. Katsas, Acting Assistant Attorney General for the United States, for Appellee.

DENNIS JACOBS, Chief Judge:

Ramon Julian Severino appeals from a final order of removal by the Board of Immigration Appeals (BIA).  Severino entered this country illegally in 1995; he obtained lawful conditional permanent residency on the basis of his 1997 marriage to a citizen; he timely filed to remove the conditions within two years, as required by regulation; but he failed to appear with his wife at a 1999 personal interview, as the regulation also required--his wife having left him early in 1998.  An immigration judge (IJ) ordered Severino removed in March, 2006, and the Board of Immigration Appeals (BIA) affirmed.  In this petition, Severino argues (1) that he was eligible for cancellation of removal because he enjoyed the status of a lawful permanent

2

resident; and (2) that the IJ denied Severino due process by placing the burden of proof on Severino rather than on the government.  For the reasons stated in this opinion, we conclude that Severino's status was terminated by law in March, 1999, that he was therefore ineligible for cancellation of removal, and that the burden of proof rested on him in the proceedings before the immigration judge.  We accordingly deny Severino's petition for review, except insofar as we lack jurisdiction over part of the petition, in which respect we dismiss.

**BACKGROUND**

Ramon Julian Severino, a citizen of the Dominican Republic, entered the United States illegally in September, 1995.  He married Andrea Santa, an American citizen, on August 15, 1996, a marriage he claims was bona fide.  Based on this marriage, Severino was granted conditional permanent resident status on March 20, 1997.  The marriage soon broke down; Severino claims that Santa abruptly left their house and terminated all communication with him on January 24, 1998.  The couple was divorced in April, 2000.

Severino's conditional permanent resident status required him to file a Form I-751 Petition to Remove

3

Conditions on Residence within a ninety-day window immediately prior to the two-year anniversary of his obtaining status. 8 U.S.C. § 1186a(c)(1). He and his spouse were also required to attend a personal interview in connection with this petition. 8 U.S.C. § 1186a(c)(1). Severino filed a timely Form I-751 petition in February, 1999, and a personal interview was scheduled for September 30, 1999, but Severino and Santa failed to attend. By law, Severino's unexplained failure to attend the interview resulted in the termination of his permanent resident status as of March 20, 1999, the second anniversary of his lawful admission. 8 U.S.C. § 1186a(c)(2)(A). The United States Citizenship and Immigration Services (CIS) issued a decision on February 22, 2000, notifying Severino that his status had been terminated by reason of his failure to attend the scheduled interview.

Severino filed a second I-751 petition on March 21, 2001, together with a request for a waiver of the joint application requirement in light of his divorce. The CIS denied this second I-751 petition on August 15, 2003.

The CIS then served Severino with a Notice to Appear dated March 18, 2005, charging him with removability on the basis of the termination of his status, which the CIS

4

unaccountably dated as having occurred when Severino's second I-751 petition was denied on August 15, 2003. In the ensuing proceeding before the IJ, Severino contested removability based on the termination of his status and requested cancellation of removal pursuant to 8 U.S.C. § 1229b.

By oral Order on March 24, 2006, the IJ denied Severino's application for cancellation of removal, determining that Severino's status was terminated in 2000 because of his failure to attend the personal interview in connection with his original I-751 petition. The IJ then determined that Severino had failed to sustain his burden in connection with his request for a waiver of the joint application requirement, and concluded that the CIS had properly denied his I-751 petition.[1] Finally, the IJ ordered Severino's removal to the Dominican Republic.

The BIA adopted and affirmed the ruling by per curiam Order dated August 27, 2007. The BIA was not persuaded that the IJ's findings of fact were clearly erroneous, or that

---

[1] Following the CIS's denial of his second I-751 petition, but prior to the IJ's Order, Severino had filed a third I-751. Noting this fact, the IJ ruled that because one I-751 had already been adjudicated on the merits, "there is no reason to consider another one."

5

the IJ had erred in finding that Severino had failed to sustain his burden of proof.  Severino filed a timely petition for review with this Court.

## DISCUSSION

When the BIA issues an opinion, that opinion becomes the basis for review.  Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).  When--as here--the BIA adopts a decision of the IJ and supplements it, this Court reviews the IJ's decision as supplemented by the BIA.  Id.  Administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  Questions of law, including applications of law to undisputed fact, are reviewed de novo.  Delgado v. Mukasey, 508 F.3d 702, 705 (2d Cir. 2007).

## I

As the IJ recognized, the threshold issue is Severino's immigration status at the time he filed his second Form I-751.  Entitlement to relief and the applicable burden of proof vary depending on whether--and when--his status was terminated.

The Immigration and Nationality Act (INA) provides that an alien who obtains permanent resident status based on marriage to an American citizen is considered to have obtained such status on a conditional basis only. 8 U.S.C. § 1186a(a)(1). To remove the conditions, the alien and the American spouse must petition the Attorney General within the ninety-day period prior to the second anniversary of the granting of conditional permanent residency, and must appear for a personal interview in connection with their petition. 8 U.S.C. § 1186a(c)(1). If the alien fails to appear with spouse at the required interview, without good cause, "the Attorney General shall terminate the permanent resident status of the alien as of the second anniversary of the alien's lawful admission for permanent residence." 8 U.S.C. § 1186a(c)(2)(A). Severino did not comply with the requirement to appear, and consequently his status was terminated on March 20, 1999.

To avoid this legal conclusion, Severino argues that his failure to appear at the interview in September, 1999 constituted an "abandonment" of his petition, see 8 C.F.R. § 103.2(b)(13)(ii) (failure to appear at a scheduled personal interview results in application being considered abandoned); that he was therefore entitled to file a second

7

petition without prejudice, see 8 C.F.R. § 103.2(b)(15) ("Withdrawal or denial due to abandonment does not preclude the filing of a new application or petition with a new fee. . . . Withdrawal or denial due to abandonment shall not itself affect the new proceeding; but the facts and circumstances surrounding the prior application or petition shall otherwise be material to the new application or petition."); and that his filing of a second I-751 petition on March 21, 2001 extended his status at least until the second petition was denied on August 15, 2003.

Severino's argument does not withstand a review of the statute. Severino had a right to file a motion to reopen or reconsider, but he did not do so, because his second I-751 petition did not comply with the requirements for such a motion: in particular, his second I-751 petition was not filed within thirty days of the decision at issue. See 8 C.F.R. § 103.5(a)(1)(i) & (iii) (listing filing requirements for a motion to reopen or reconsider).[2] True, the filing of an I-751 petition automatically extends conditional

_____

[2] Even if Severino's second I-751 petition were construed as a motion to reopen or reconsider, it is clear that such a motion "does not stay the execution of any decision in a case or extend a previously set departure date" "[u]nless the Service directs otherwise." 8 C.F.R. § 103.5(a)(1)(iv). The CIS did not direct otherwise here.

8

permanent resident status until the petition is adjudicated, 8 C.F.R. § 216.4(a)(1).  But the Attorney General necessarily terminated Severino's permanent resident status after he and his spouse failed to appear at the personal interview without good cause, 8 U.S.C. § 1186a(c)(2)(A), and Severino has cited no law in support of his contention that filing a second I-751 petition will <u>restore</u> resident status that has already been terminated.  In a nutshell, Severino's status was terminated by law when he failed to appear with his wife at the personal interview in connection with his first I-751 petition, and the filing of a second I-751 petition did not restore his status.

**II**

Severino challenges the IJ's determination that he was ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b.  That statute permits the Attorney General, in his discretion, to cancel removal of an alien who (1) has been lawfully admitted for at least five years, (2) has resided in the U.S. continuously for seven years, and (3) has not been convicted of any aggravated felony.  8 U.S.C. § 1229b(a).

Severino argues that the IJ erroneously held that a conditional permanent resident--unlike other permanent residents--is categorically ineligible for cancellation of removal. This mis-characterizes the IJ's ruling. The IJ concluded that because Severino's status was terminated by February 22, 2000 at the latest, Severino had not been lawfully admitted for permanent resident status for the requisite five years. As discussed above, Severino's status was actually terminated by operation of law on March 20, 1999; but in any event it is clear that Severino lacked the requisite five years of lawful permanent residency. We therefore affirm the IJ's determination that Severino was not entitled to cancellation of removal.

**III**

Severino claims that he was denied due process during the removal proceeding because the IJ erroneously assigned him the burden to prove his entitlement to relief. The IJ relied on 8 U.S.C. § 1186a, which places the burden in a removal proceeding on an alien whose status has been terminated for failure to appear at a personal interview with spouse. Severino's premise is that because his status

10

as a lawful permanent resident was not terminated until an adverse determination on his second I-751 petition, the government bore the burden of proving that Severino was not entitled to relief.  See 8 U.S.C. § 1186a(c)(3)(D).

Severino did not present this due process claim to the BIA. "Congress has limited this court's power to review a final order of removal to those removal orders for which 'the alien has exhausted all administrative remedies available to the alien as of right.'"  Karaj v. Gonzales, 462 F.3d 113, 117 (2d Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)).  Because the bar is jurisdictional, the Court may consider only those issues that the petitioner has presented in substance to the BIA.  Id.  And although an alien need not exhaust issues--including constitutional claims--over which the BIA lacks jurisdiction, an alien must raise procedural defects that the BIA has the power to correct.  United States v. Gonzales-Roque, 301 F.3d 39, 47-48 (2d Cir. 2002) ("While constitutional claims lie outside the BIA's jurisdiction, it clearly can address procedural defects in deportation proceedings.").

Even if he had preserved the issue for review, however, Severino is not entitled to relief on his due process claim.

11

Contrary to his assertion, and as discussed above, Severino's status was terminated because of his failure to appear at the personal interview scheduled in connection with his first I-751 petition. In such a case, the statute clearly places the burden on the alien to establish his compliance with the requirements for removal of conditions on status. 8 U.S.C. § 1186a(c)(2)(B).

**IV**

Finally, Severino argues that the IJ erred when he permitted the government, during the March 2006 immigration hearing, to amend the Notice to Appear to allege that his conditional permanent resident status had been terminated on February 22, 2000. Severino failed to raise this claim before the BIA, and we therefore lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1).

**CONCLUSION**

For the foregoing reasons, we deny Severino's petition for review, except to the degree that we lack jurisdiction over his unexhausted claims, in which respect we dismiss.

12