09-0655-ag
Orozco De Anda v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand nine.

Present:    WILFRED FEINBERG,
            JOHN M. WALKER, JR.,
            ROBERT A. KATZMANN,
                        *Circuit Judges*.
_____

LETICIA OROZCO DE ANDA,

                *Petitioner*,

                                        No. 09-0655-ag

                - v.-

ERIC H. HOLDER, JR., Attorney General,

                *Respondent*.
_____

For Petitioner:         JUSTIN CONLON, Law Offices of Michael Boyle, North
                        Haven, C.T.

For Respondent:         KILEY L. KANE, Trial Attorney (Tony West, Assistant
                        Attorney General, John S. Hogan, Senior Litigation
                        Counsel, *on the brief*), Office of Immigration Litigation,
                        United States Department of Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Leticia Orozco De Anda ("Orozco"), a native and citizen of Mexico, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA") entered January 28, 2009, affirming the decision of Immigration Judge ("IJ") Michael W. Straus denying Orozco's motion to terminate removal proceedings and ordering her removed to Mexico. *In re Orozco De Anda,* No. A35-704-210 (B.I.A. Jan. 28, 2009), *aff'g* No. A35-704-210 (Immig. Ct. Hartford, Conn. Oct. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review factual findings for substantial evidence and legal conclusions *de novo. Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). Where, as here, a petitioner argues that the government failed to meet its burden of proof as to the grounds for deportation, we grant a petition for review if "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Francis v. Gonzales*, 442 F.3d 131, 138-39 (2d Cir. 2006).

Although we generally lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" certain enumerated aggravated felonies, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C)-(D). Similarly, we always "have jurisdiction to determine whether we have jurisdiction," *Ashton v. Gonazles*, 431 F.3d 95, 97 (2d Cir. 2005), and thus retain jurisdiction to decide "whether a petitioner satisfies the jurisdictional facts such as convictions for an aggravated felony," *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008), and

2

to decide "what evidence may satisfy a party's burden of proof" as to those facts. *Gui Yin Lui v. INS*, 475 F.3d 135, 137 (2d Cir. 2007) (per curiam).

Here, the government contends that we lack jurisdiction to consider Orozco's petition because it raises a purely factual question, rather than a legal or constitutional challenge to the BIA's decision. The sole issue presented in Orozco's petition, however, centers on whether the government demonstrated that she is removable for having been convicted of an aggravated felony. "The jurisdictional inquiry thus merges with the question on the merits: If [Orozco] is in fact removable because [s]he was convicted of an aggravated felony . . ., we must dismiss [her] petition for lack of jurisdiction, while if [s]he is not removable . . ., we may exercise jurisdiction and vacate the order of removal." *Sui v. INS*, 250 F.3d 105, 110 (2d Cir. 2001).

The government also contends that Orozco failed to exhaust her administrative remedies, thus preventing her from challenging her removability before this Court. *See Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008) (this Court "may consider only those issues that the petitioner has presented in substance to the BIA"); *Karaj v. Gonzales*, 462 F.3d 113, 117 (2d Cir. 2006) ("Congress has limited this court's power to review a final order of removal to those removal orders for which 'the alien has exhausted all administrative remedies available to the alien as of right'") (quoting 8 U.S.C. § 1252(d)(1)). Here, as below, Orozco argues that she was not convicted of an aggravated felony under the immigration laws. Although Orozco's argument on appeal differs at least somewhat from the argument that she presented before the BIA, "we have never held that a petitioner is limited to the exact contours of [her] argument below." *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (section 1252(d)(1) does not preclude consideration of "specific, subsidiary legal arguments, or arguments by extension, that were not made below"). Moreover, the BIA necessarily considered the issue presented here when it concluded that the

3

government had offered "sufficient evidence to conclude that [Orozco's] crime qualifies as an aggravated felony." Accordingly, even assuming that Orzoco failed to adequately raise this specific issue below, we nevertheless may consider it here. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006) (per curiam) (where the BIA addresses claims or issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court).

Turning to the sole issue raised in this petition, Orozco argues that the government failed to produce evidence demonstrating that the money laundering offense for which she was convicted involved funds in excess of $10,000, and thus failed to demonstrate by clear and convincing evidence that she was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(D). In support of its contention that Orozco's conviction involved funds in excess of $10,000, the government offered Orozco's underlying indictment and judgment of conviction, which were admitted into evidence without objection. Together, these documents demonstrate that (1) Orozco pleaded guilty to a one-count indictment that charged her with, *inter alia*, conspiring to conduct a financial transaction with the intent to promote drug trafficking and with knowledge that the transaction involved nearly $1.3 million; (2) one of the indictment's three overt acts alleged that Orozco and others kept and maintained nearly $1.3 million in currency; and (3) Orozco was required to forfeit her interest in the $1.3 million in currency. It was entirely appropriate for the IJ and BIA to consider this evidence when determining whether Orozco had been convicted of an aggravated felony, and, "[i]n the absence of any conflicting evidence (and petitioner mentions none), this evidence is clear and convincing" proof that the "amount of the funds involved exceeded $10,000." *Nijhawan v. Holder*, 129 S. Ct. 2294, 2304 (2009).

Orozco contends that the government failed to meet its burden because the indictment purportedly charged two independent theories of criminal liability, only one of which made reference to the amount of funds involved in the offense. To the contrary, though, the one-count indictment unequivocally charged Orozco with conspiring to commit "certain offenses against the United States," which are listed in the conjunctive. The judgment, in turn, indicates that Orozco pleaded guilty to all of the conduct listed in the indictment by separately identifying all three sections of the money laundering statute that were listed in the indictment, including the section that was explicitly tied to the $1.3 million. Similarly, the court's forfeiture order required Orozco to forfeit any interest in the nearly $1.3 million at issue in her conviction. Thus, the government introduced clear and convincing evidence that the funds involved here were "tied to the specific count[] covered by the conviction," *Nijhawan*, 129 S. Ct. at 2303, and Orozco has failed to point to any evidence that rebuts this fact. Because Orozco pleaded guilty to, and was convicted of, an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(D), she is deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

We have considered Orozco's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the petition for review is hereby **DENIED**. As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE , CLERK

By:_____

5