Soumkine v. Holder

BIA
Videla, IJ
A097 531 119

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> DENNY CHIN,
>> *Circuit Judges.*

_____

ALEXEI V. SOUMKINE, AKA ALEX SOUMKINE,
> *Petitioner,*

> v.

11-2358

NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Alexei V. Soumkine, *Pro Se*, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Charles S. Greene, III, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Alexei V. Soumkine, a native of the former Soviet Union and a citizen of Russia, seeks review of a May 12, 2011, decision of the BIA affirming the April 27, 2009, decision of immigration judge ("IJ") Gabriel C. Videla, denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Alexei V. Soumkine*, No. A097 531 119 (B.I.A. May 12, 2011), *aff'g* No. A097 531 119 (Immig. Ct. N.Y. City Apr. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As a preliminary matter, we lack jurisdiction to consider Soumkine's unexhausted arguments regarding the IJ's denial of CAT relief, the service of his Notice to Appear, and prosecutorial

2

discretion, *see* 8 U.S.C. § 1252(d)(1); *Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006), and we decline to consider the issues Soumkine failed to exhaust, including his arguments challenging the IJ's findings that he failed to establish his eligibility for withholding of removal independent of his claim for past persecution, and that he could have safely relocated to another part of Russia, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 119-22 (2d Cir. 2007). Accordingly, we address only his application for withholding of removal based on past persecution.

Substantial evidence supports the agency's determination that Soumkine failed to establish his Jewish ethnicity and religious practice. Although credible testimony *may* be sufficient alone to satisfy an applicant's burden for withholding of removal, *see* 8 C.F.R. § 1208.16(b), the IJ may nonetheless require that testimony be corroborated if one would reasonably expect corroborating evidence to be available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009).

Here, the IJ reasonably found that Soumkine's vague testimony was insufficient alone to carry his burden, given

that: (1) he observed only one Jewish holiday in Russia; (2) his principal basis for believing that he was Jewish was his mother's assertion that his grandmother and great-grandmother were of Jewish heritage; and (3) he did not identify any particular conduct in which he engaged that would indicate to others that he was Jewish. Moreover, because Soumkine's mother was alive and, despite her advanced age, could have confirmed his testimony by dictating a letter, the IJ reasonably expected that evidence. It was also reasonable for the IJ to expect a letter from the synagogue Soumkine attends in the United States because, despite his alleged fear that doing so would create rumors regarding his immigration status, he could have confidentially reserved the task to a rabbi. Given the lack of reasonably available corroboration, the IJ did not err in finding that Soumkine failed to establish that he is Jewish. *See Chuilu Liu*, 575 F.3d at 196-98.

Moreover, the IJ did not err in finding that the slurs and minor beatings Soumkine suffered did not rise to the level of persecution because he suffered only mild injuries that did not require medical treatment. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). To the

4

extent that Soumkine attempts to supplement the record with evidence that he did require medical attention, we cannot consider evidence outside the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). Accordingly, because Soumkine failed to demonstrate past persecution on account of his Jewish ethnicity or religion, the agency did not err in concluding that he failed to establish his eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk