12-4152-ag
Alvarez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

PRESENT: ROBERT D. SACK,
BARRINGTON D. PARKER,
REENA RAGGI,
*Circuit Judges*.

---------------------------------------------------------------------

JAVIER ALVAREZ,
*Petitioner*,

v.                                                                     No. 12-4152-ag

ERIC H. HOLDER, JR., United States Attorney General,
*Respondent*.

---------------------------------------------------------------------

FOR PETITIONER:          Frederic S. Rosengarten, Howard M. Rosengarten P.C., New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General, Civil Division, Melissa Neiman-Kelting, Senior Litigation Counsel, Office of Immigration Litigation, Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

Petition for review of a Board of Immigration Appeals order denying cancellation of removal.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order issued on September 19, 2012, is DENIED.

Javier Alvarez, a native and citizen of Peru, seeks review of a Board of Immigration Appeals ("BIA") order affirming the March 8, 2011 decision of Immigration Judge ("IJ") Mary M. Cheng denying cancellation of removal.    In re Javier Alvarez, No. A044 708 141 (B.I.A. Sept. 19, 2012), aff'g No. A044 708 141 (Immig. Ct. N.Y.C, Mar. 8, 2011).[1]    Under the circumstances of this case, we review the IJ's decision as modified by the BIA.    See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005).    We review findings of fact—"including those underlying the immigration court's determination that an alien has failed to satisfy his burden of proof"—under the "substantial evidence" standard, Chuilu Liu v. Holder, 575 F.3d 193, 196 (2d Cir. 2009) (internal quotation marks omitted), which requires that the findings be supported by "reasonable, substantial and probative evidence in the record," Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 116 (2d Cir. 2007) (internal quotation marks omitted); see 8 U.S.C. § 1252(b)(4)(B).    We review de novo questions of law, including our own subject-matter jurisdiction.    See Fuller v. BIA, 702 F.3d 83, 85 (2d Cir. 2012); Severino

---

[1]IJ Noel Anne Ferris presided over Alvarez's removal proceedings from 2006 until the case was transferred to IJ Cheng on December 15, 2010.   J.A. 138.   We note this fact because each of these IJs presided over one or more of the proceedings at issue.

2

v. Mukasey, 549 F.3d 79, 82 (2d Cir. 2008).   We assume the parties' familiarity with the underlying facts and record of the prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

Alvarez challenges the BIA's determination that he failed to establish eligibility for cancellation of removal as a nonpermanent resident under § 240A(b)(1) of the Immigration and Naturalization Act ("INA"), which permits the Attorney General to cancel removal of an alien who, among other criteria, "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding" either the date of the application for cancellation of removal, 8 U.S.C. § 1229b(b)(1)(A), or service of a Notice to Appear, id. § 1229b(d)(1).   Alvarez does not deny that on the record presented, the IJ and the BIA could conclude that he failed to establish continuous presence in the United States from May 15, 1996, through May 15, 2006, the date he was served with a Notice to Appear.   See Pet'r's Br. 10; J.A. 439.   Rather, Alvarez faults the IJ for (1) failing to instruct him as to the evidence necessary to corroborate his claim of continuous presence and (2) denying him an opportunity to explain his inability to produce such evidence.   Pet'r's Br. 10–11.   Alvarez submits that these errors denied him due process, and he seeks remand for rehearing.   Id. at 5.

We have jurisdiction to review nondiscretionary determinations of an applicant's statutory eligibility for cancellation of removal.   See 8 U.S.C. § 1252(a)(2)(D); Rosario v. Holder, 627 F.3d 58, 61, 62 (2d Cir. 2010).   Moreover, insofar as Alvarez argues that he was denied due process, he presents a constitutional challenge also subject to our

3

jurisdiction.  See Morris v. Holder, 676 F.3d 309, 313–14 (2d Cir. 2012); Rosario v. Holder, 627 F.3d at 61.

Respondent nevertheless contends that we lack jurisdiction because Alvarez failed to appeal the IJ's continuous physical presence findings to the BIA, rendering his due process claims unexhausted.  We disagree.  Because the BIA sua sponte addressed and affirmed the IJ's determination that Alvarez failed to establish the requisite physical presence, we may review that issue.  See Gashi v. Holder, 702 F.3d 130, 136 (2d Cir. 2012) (finding argument exhausted by BIA's disposition of issue though petitioner did not raise it before BIA on appeal).  Further, because Alvarez's due process claims are subsidiary to his challenge to the BIA's continuous physical presence determination, we may also review those claims.  See Gill v. INS, 420 F.3d 82, 86 (2d Cir. 2005) ("[W]e enjoy broad discretion to consider subsidiary legal arguments that were not specifically raised below." (citation and internal quotation marks omitted)).  Because Alvarez's arguments lack merit, however, we deny the petition.

In deciding whether a petitioner satisfies the continuous physical presence requirement of INA § 240A(b)(1), an IJ may require that credible testimony be corroborated "unless the applicant demonstrates that [he] does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1229a(c)(4)(B).  In the asylum context, where a similar corroboration rule applies, see id. § 1158(b)(1)(B)(ii), we have held that the IJ must, either in its decision or otherwise in the record, (1) identify the specific pieces of missing, relevant documentation and explain that this documentation

4

was reasonably available; (2) give the petitioner an opportunity to explain any omission; and (3) assess any explanation. See Chuilu Liu v. Holder, 575 F.3d at 198.[2] To establish that he was denied due process in this regard, Alvarez must show that he was "denied a full and fair opportunity to present [his] claims," Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007), and that he suffered "some cognizable prejudice fairly attributable to the challenged process," Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008). Alvarez fails to establish any error by the two IJs presiding over his removal proceedings, let alone error of constitutional dimension.

Here, the IJs repeatedly instructed Alvarez, who was represented throughout by counsel, to submit evidence that he filed taxes and provided him with a list of necessary documentation. See J.A. 111, 117, 120, 123, 133. Further, the IJs questioned Alvarez as to his failure to produce these documents, providing him the opportunity to explain their omission. See id. at 116, 132–33. Rather than assert, as he does now, that his lack of immigration status prevented him from maintaining those records, he testified that he did not consistently file business taxes due to financial difficulties, see id. at 117, and that his new tax accountant delayed his submission of other business tax returns, see id. at 133. Alvarez did not explain why he did not provide IRS records of his tax history, or

---

[2] We do not here suggest that the corroboration rule in asylum cases necessarily applies to requests for cancellation of removal. We note only that if the petitioner has not met the requirements for asylum, he certainly does not meet the requirements for cancellation of removal.

why he did not provide his personal tax returns, given his testimony that he had paid taxes annually since arriving in the United States. See id. at 177. IJ Cheng assessed these explanations, but reasonably rejected them as a basis for excusing the absent corroboration given that Alvarez received four continuances specifically for the purpose of preparing his cancellation application, see id. at 111–12, 120–125, 133–35, 407–12, and had over four years from the start of proceedings to obtain that evidence, see id. at 91–92, 96, 99, 203. Thus, Alvarez's claim that he was denied due process is clearly belied by the record. See Garcia-Villeda v. Mukasey, 531 F.3d at 149; Burger v. Gonzales, 498 F.3d at 134.

Because Alvarez did not submit his tax returns for the years 1998, 1999, 2000, and 2002, and the IJ reasonably determined that evidence to be available, the IJ did not err in finding that Alvarez did not satisfy the physical presence requirement and denying cancellation of removal on that basis. See 8 U.S.C. §§ 1229a(c)(4)(B), 1229b(b)(1)(A); Chuilu Liu v. Holder, 575 F.3d at 196, 198.

6

We have considered petitioner's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7