13-1315-ag
*Edris v. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:

   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
   RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MOHAMED GALAL ABDELRAHIM EDRIS,

        *Petitioner,*

            -v.-                                              No. 13-1315-ag

ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED
STATES,

        *Respondent.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**          GLENN L. FORMICA (Elyssa Williams, *on the brief*), Formica Williams, P.C., New Haven, CT.

**FOR RESPONDENT-APPELLEE:**          TIFFANY L. WALTERS , Trial Attorney, Office of Immigration Litigation (David V. Bernal, Assistant Director, *on the brief*), *for* Stuart F. Delery, Assistant Attorney General, United States Department of Justice, Washington, D.C.

1

Petition for review of a Board of Immigration Appeals ("BIA") decision.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Mohamed Galal Abdelrahim Edris, a native and citizen of Egypt, seeks review of a March 14, 2013, decision of the BIA, affirming the June 21, 2011, decision of an Immigration Judge ("IJ") ordering him removed. *In re Mohamed Galal Abdelrahim Edris*, No. A078 392 349 (B.I.A. Mar. 14, 2013), *aff'g* No. A078 392 349 (Immig. Ct. Hartford, Conn., June 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Edris failed to exhaust his due process argument before the BIA, we have considered only his challenge to the finding of removability. *See Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008).

Edris challenges the agency's finding that he is inadmissible and therefore removable because he willfully misrepresented a material fact when petitioning for the removal of the conditions on his lawful permanent resident ("LPR") status. Willful misrepresentation of a material fact to procure an immigration benefit renders an alien inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i). A fact is material if it "has a natural tendency to influence or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *Monter v. Gonzales*, 430 F.3d 546, 553 (2d Cir. 2005).

Here, the IJ reasonably found that Edris forged the signature of his then-wife, Thais deFreitas, on his I-751 petition to secure his LPR status. Edris acknowledges that deFreitas's purported signature on the I-751 appears different from those on his visa petition and a 2006 spousal affidavit. He also acknowledges that in a 2009 sworn statement, deFreitas denied signing the I-751. But he argues that her 2009 statement was invalidated by two subsequent affidavits in which she recanted the statement. To the contrary, the IJ reasonably found those subsequent affidavits inconsistent: in one, deFreitas acknowledged that she did not recognize the signature and said only that there was no reason she would not have signed it, but in the other, she stated, without reservation, that she did sign the I-751. Additionally, deFreitas did not explain how her illness affected her signature. Due to the lack of explanation and the implausibility of her claim that she suddenly remembered signing the I-751, the IJ reasonably gave more weight to deFreitas's initial 2009 statement in finding that the signature was forged. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that factual findings must be supported by substantial evidence); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471

F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion).

The IJ also reasonably inferred that Edris forged the signature. To remove the conditions on LPR status, the applicant must file an I-751 with his spouse's signature or evidence that an exception to that joint filing requirement applies. *See* 8 C.F.R. § 1216.4(a)(1). A waiver may be granted if the applicant demonstrates that he failed to meet the filing requirement through no fault of his own and that one of the following circumstances apply: the applicant is widowed, is divorced, was battered by the petitioner spouse, or will suffer extreme hardship if removed. *Id.* § 1216.5. As the only beneficiary of the petition, Edris alone had incentive to forge the signature to avoid the waiver requirement. Neither the record nor common sense suggests, as Edris asserts, that a third party signed deFreitas's name without his knowledge. Substantial evidence therefore supports the IJ's willfulness finding. *See* 8 U.S.C. § 1252(b)(4)(B).

As to materiality, the IJ did not err in finding that the forgery would have a "natural tendency" to influence the adjudication of Edris's I-751. Without deFreitas's signature, a waiver was required. Accordingly, the fact that deFreitas did not sign the petition was material because it was capable of influencing the agency's determination. *See Monter*, 430 F.3d at 558.

Once the Government has established willful misrepresentation or concealment of a material fact, it is presumed that the benefit sought would not have been granted but for the concealment. *See id.* The burden is on the applicant to demonstrate otherwise. *Id.* Here, there is no dispute that without deFreitas's signature, Edris could not use the easier joint-filing process. Moreover, because Edris did not submit hardship evidence with his petition and he did not qualify for any other waiver, his I-751 would have been denied without deFreitas's signature. Accordingly, the IJ did not err in finding Edris inadmissible and ordering his removal. *See id.*; 8 U.S.C. § 1182(a)(6)(C)(i).

For the foregoing reasons, we **DENY** the petition for review. As we have completed our review, the petitioner's pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3