Xue v. Lynch

BIA
Montante, IJ
A077 977 252

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XING DI XUE,
> *Petitioner,*

v.                                              15-465
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lee B. Ratner, Law Offices of Michael
                       Brown, PC, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Janice
                       K. Redfern, Senior Litigation
                       Counsel; Christina Parascandola,
                       Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Di Xue, a native and citizen of the People's Republic of China, seeks review of a February 2, 2015, decision of the BIA affirming a September 4, 2013, decision of an Immigration Judge ("IJ") denying Xue's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Di Xue,* No. A077 977 252 (B.I.A. Feb. 2, 2015), *aff'g* No. A077 977 252 (Immig. Ct. Buffalo Sept. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009 ); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Xue's sole challenge to the agency's adverse credibility determination is that the IJ erred in relying on inconsistent statements in his initial removal proceeding to find him not credible in his remanded proceeding because the factual bases for his asylum claims differed between the two proceedings. He contends that his initial hearing focused on his wife's forced sterilization and his remanded hearing focused on his unpaid family planning fine. Xue's argument is without merit.

At his initial merits hearing, Xue asserted eligibility for relief based on both his wife's alleged forced sterilization and their fines for having violated the family planning policy. During his merits hearing on remand in 2010, Xue testified that family planning officials continued to seek payment of the unpaid fines levied in 1992. Given that the claims presented at both hearings were based on the same factual predicate, the agency did not err in relying on the inconsistency findings from Xue's first hearing to find him not credible at the conclusion of his second hearing. *See Paul v. Gonzales*, 444 F.3d 148, 154-57 (2d Cir. 2006).

Xue does not challenge the specific inconsistency findings in his brief. Those findings, which are supported by the record, thus stand as a valid basis for the adverse credibility

3

determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.  That determination is dispositive of Xue's claims for asylum, withholding of removal, and CAT relief. *See Paul*, 444 F.3d at 156-57.

We may not consider Xue's due process claim because he did not raise it on appeal to the BIA.  *See Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4