Pierre v. Sessions

BIA
Connelly, IJ
A206 863 794

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
>> *Circuit Judges.*

_____

JOSEPH JUDE PIERRE,
> *Petitioner,*

v.                                                                17-280
                                                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Amanda E. Gray, Portland, OR.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant
                             Attorney General; Greg D. Mack,
                             Senior Litigation Counsel; Leslie
                             McKay, Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joseph Jude Pierre, a native and citizen of Haiti, seeks review of a December 30, 2016, decision of the BIA affirming a March 27, 2015, decision of an Immigration Judge ("IJ") denying Pierre's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joseph Jude Pierre,* No. A 206 863 794 (B.I.A. Dec. 30, 2016), *aff'g* No. A 206 863 794 (Immig. Ct. Batavia Mar. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the BIA and the IJ. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central

2

reason for persecuting the applicant."  8 U.S.C.
§ 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R.
§ 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178
(2d Cir. 2004).  The agency did not err in finding that
Pierre failed to establish his eligibility for asylum and
withholding of removal insofar as those claims were based
on the threatening actions of bandits or the murder of his
mother.  As the agency concluded, neither threats alone nor
harm to Pierre's family members, without more, constitute
past persecution of Pierre.  *See Gui Ci Pan v. U.S. Att'y
General*, 449 F.3d 408, 412-13 (2d Cir. 2006); *Tao Jiang v.
Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

The agency did not err in finding that Pierre failed to
establish a well-founded fear of future persecution because
he did not prove that his fear was objectively reasonable.
8 C.F.R. § 1208.13(b)(2)(i); *Ramsameachire*, 357 F.3d at 178.
Pierre conceded that he had no proof that the bandits acted
based on political motivations rather than ordinary
criminality and thus could not prove that they would target
him based on an imputed political opinion or other protected
ground.  *See Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir.
2014); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)

(requiring some direct or circumstantial evidence of persecutor's motives).

Moreover, Pierre did not establish eligibility for protection under the CAT because he failed to show that he is "more likely than not" to be tortured by or with the acquiescence of a government official on return to Haiti. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Although he explained that he is afraid the bandits will torture and kill him if he returns, given his use of the courts in Haiti and testimony that police officers were willing to take his complaint, he did not demonstrate that the Haitian government would acquiesce to his torture by bandits. *Id.; see Savchuck v. Mukasey*, 518 F.3d 119, 123-24 (2d Cir. 2008).

Pierre also challenges how the IJ conducted his hearing. "To establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotations omitted). The transcript does not suggest the IJ deprived Pierre of an opportunity to present his claims or that his hearing lacked fundamental fairness. Although Pierre argues that his due

4

process rights were violated by faulty translations, the transcript shows that Pierre was repeatedly offered opportunities to follow up on his answers, and the IJ asked for clarification.

Finally, because Pierre's remaining objections were not exhausted before the BIA, they are beyond the scope of our review. *Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008) (requiring a petitioner to "raise procedural defects that the BIA has the power to correct"); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court