17-1496
Pantelica v. Barr

BIA
Hom, IJ
A201 162 692/694
A201 290 725/726/727
A201 198/ 445/446/447

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand nineteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           PETER W. HALL,
>           RAYMOND J. LOHIER, JR.,
>                 *Circuit Judges.*

_____

LENUTA PANTELICA, PATRIZIA PANTELICA, NICU SORIN PANTELICA, CRISTINA PANTELICA, MARIAN PANTELICA, AKA MARIN PANTELICA, CONSTANTIN PANTELICA, AKA CONSTANIN PANTELICA, MIHAELA ELENA DUMITRASCU, AKA MIHAELA ELENA PANTELICA, ARIANNA PANTELICA,
>           *Petitioners,*

>           v.                                    17-1496
>                                                 NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>           *Respondent.*

_____

**FOR PETITIONERS:**     David Garth Sullivan, New York, NY.

**FOR RESPONDENT:**      Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lenuta Pantelica, Nicu Pantelica, Constantin Pantelica, and their derivative beneficiaries[1] ("petitioners"), natives and citizens of Romania, seek review of an April 12, 2017, decision of the BIA affirming an April 19, 2016, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lenuta Pantelica et al.,* Nos. A201 162 692/ A201 290 725 / A201 198 445 (B.I.A. Apr. 12, 2017), *aff'g* Nos. A201 162 692/ A201 290 725 / A201 198 445 (Immig. Ct. N.Y. City Apr. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural

---

1 The derivative beneficiaries associated with this petition are Patrizia Pantelica (A201 162 694), Cristina Pantelica (A201 290 726), Marian Pantelica (A201 290 727), Mihaela Elena Dumitrascu (A201 198 446), and Arianna Pantelica (A201 198 447).

2

history in this case.

## Asylum: One-Year Filing Deadline

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An application may be considered outside the one-year deadline, however, "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).  Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing the untimeliness is limited to "constitutional claims or questions of law."  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Lenuta concedes that she "formally filed" her asylum application in September 2012, but asserts that the agency overlooked that she timely lodged her application on March 5, 2012.  Although her argument implicates questions of law, i.e., what constitutes filing of an application and whether

3

the agency ignored evidence, her argument lacks merit. Lenuta does not dispute that she first entered the United States on March 30, 2011. Her asylum application was dated March 1, 2012, which, had it been filed then, would have been timely. *See* 8 U.S.C. § 1158(a)(2)(B) (setting one-year deadline). Lenuta, however, did not submit her asylum application to the IJ until August 2012, which was well beyond the one-year filing period. *See* 8 C.F.R. §§ 1003.13 ("Filing means the actual receipt of a document by the appropriate Immigration Court"), 1208.4(a)(2)(ii) (explaining that asylum application "is considered to have been filed on the date it is received by the Immigration Court"). Because there is nothing in the record to establish that Lenuta filed her asylum application in the immigration court earlier than August 2012, the agency did not commit legal error in determining that her application was untimely.

Unexhausted Claims

The remainder of the claims raised in the briefs are unexhausted. The petitioners assert that (1) the IJ erred by failing to inquire about whether any exceptions to the one-year deadline applied to Constantin's untimely asylum application; and (2) the IJ failed to develop the record regarding the mistreatment of Gypsies in Romania by

4

consulting "readily available" country conditions reports. Before the BIA, the petitioners raised two distinct arguments. Namely, that the IJ's adverse credibility determination was erroneous, and that their testimony, "without more," was sufficient to sustain their burden of proof. The petitioners' new claims are therefore unexhausted, and we decline to consider them. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory); *see also Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008) ("[A]n alien must raise procedural defects that the BIA has the power to correct"). Even if we were to reach these claims, it is an applicant's burden to establish timely filing and to document his or her asylum claim. *See* 8 U.S.C. §§ 1158(a)(2)(B) & (D), (b)(1)(B)(i); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[W]hile we have sometimes remanded a case if the IJ failed to explain his reliance on a lack of corroborating evidence, the alien bears the ultimate burden of introducing such evidence without prompting from the IJ."); *see also In re S-M-J-*, 21 I. & N. Dec. 722, 724 (B.I.A. 1997).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stays of removal

5

that the Court previously granted in this petition are VACATED, and any pending motion for stays of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```