23-6347
*Agard v. Garland*

BIA
Driscoll, IJ
A089 010 668

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-four.

PRESENT:
        DENNIS JACOBS,
        PIERRE N. LEVAL,
        RICHARD J. SULLIVAN,
          *Circuit Judges.*
_____

ALVIN AGARD,

        *Petitioner,*

        v.                       No. 23-6347

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

_____

For Petitioner:     Wendy R. Barlow, Cohen, Tucker & Ades, P.C., New York, NY.

For Respondent:     Brian M. Boynton, Principal Deputy Assistant Attorney General; Edward E. Wiggers, Senior Litigation Counsel; A. Ashley Arthur, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Alvin Agard, a native and citizen of Trinidad and Tobago, seeks review of a decision of the BIA affirming the decision of an Immigration Judge ("IJ"), which denied Agard's motion for a continuance of removal proceedings. *In re Alvin Agard*, No. A089 010 668 (B.I.A. Apr. 3, 2023), *aff'g* No. A089 010 668 (Immigr. Ct. Batavia Nov. 8, 2022). In the IJ's decision denying that motion, he also pretermitted Agard's application for adjustment of status and ordered him removed. Agard contends that the agency abused its discretion in denying his request for a continuance to allow for the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate a then-pending Form I-130, Immigrant Petition

for Alien Relative, filed by his U.S.-citizen wife.[1]   We assume the parties'
familiarity with the underlying facts and procedural history.

## I.   Section 1252 Does Not Bar Our Review.

As an initial matter, we reject the government's assertion that we lack
jurisdiction to review the denial of Agard's request for a continuance.   Agard
sought an adjustment of status pursuant to 8 U.S.C. § 1255.   Under 8 U.S.C.
§ 1252(a)(2)(B)(i), no court has "jurisdiction to review . . . any judgment regarding
the granting of relief under" section 1255.   Section 1252(a)(2)(B)(ii), moreover,
precludes judicial review of any "decision or action of the Attorney General or the
Secretary of Homeland Security the authority for which is specified under this
subchapter to be in the discretion of the Attorney General or the Secretary of
Homeland Security, other than the granting of" asylum.   Nevertheless, we have
held "that the decision by an IJ or the BIA to grant or to deny a continuance in an
immigration proceeding is *not* a decision" subject to this jurisdictional bar.   *Sanusi
v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006).

---

[1] The submission of a Form I-130 on behalf of a qualifying family member is the first step in the process for family-based adjustments of status.   *See* 8 U.S.C. § 1151(b)(2)(A)(i); *id.* § 1154(a)(1)(A)(i); 8 C.F.R. §§ 204.1–204.2.   Once a Form I-130 is approved, the qualifying family member must then apply for an adjustment of status.   *See* 8 U.S.C. § 1255.

Notwithstanding this authority, the government points to the recent case of *Patel v. Garland*, in which the Supreme Court held that section 1252(a)(2)(B)(i) prohibits judicial "review of *any* judgment *regarding* the granting of relief under [section] 1255," which "encompasses not just the granting of relief but also any judgment *relating to* the granting of relief." 596 U.S. 328, 338–39 (2022) (internal quotation marks omitted). The denial of a request for a continuance, the government argues, is one such judgment that cannot be reviewed. But *Patel* dealt with "eligibility determinations" – *i.e.*, decisions, including factual findings, that the agency makes in adjudicating an applicant's eligibility for discretionary relief – and did not directly address decisions made prior to "the granting or denying of discretionary relief." *Id.* at 337 (internal quotation marks omitted); *see id.* at 337–40.

Here, Agard requested a continuance of his proceedings pending a decision on his Form I-130, which was a prerequisite to his application for adjustment of status. The agency denied the request, finding no good cause because the Form I-130 had been pending for more than a year and there was no evidence as to whether or when it would be granted; the agency then pretermitted his application for adjustment of status. In doing so, the agency did not make any findings or

4

determinations relating to the merits of Agard's eligibility for adjustment of status. Because the agency's decision did not relate to the granting or denying of discretionary relief in the form of adjustment of status, section 1252(a)(2)(B)(i) does not bar our review. *See Sanusi*, 445 F.3d at 198–99; *see also Toxtega-Olin v. Garland*, No. 22-6537, 2024 WL 807436, at *2 (2d Cir. Feb. 27, 2024) (concluding that we had jurisdiction to review agency's denial of continuance).

## II. Agard's Petition Is Not Moot.

The government also argues that Agard's petition is now moot because USCIS has, in the interim, approved his Form I-130. We disagree. If USCIS had denied Agard's Form I-130 application, then surely the petition would be moot, since a remand would be of no consequence. *See, e.g.*, *Ismail v. Barr*, 799 F. App'x 20, 23 (2d Cir. 2020). The same cannot be said for a favorable Form I-130 decision, since a remand on the pending petition would result in Agard being in a better position in connection with his application for adjustment of status. In other words, if we were to remand because the agency abused its discretion in denying the continuance request, Agard would be free to pursue his application for an adjustment of status in still-ongoing removal proceedings. Because remand would grant some "effectual relief" to Agard, *see Fuller v. Bd. of Immigr. Appeals*,

702 F.3d 83, 86 (2d Cir. 2012), we cannot say that his petition is moot and must instead proceed to its merits.

### III. The Agency Did Not Abuse Its Discretion In Denying The Continuance.

We consider "the IJ's and the BIA's decisions together," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), and "review the agency's denial of a continuance for abuse of discretion," *Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015), bearing in mind that IJs are afforded "wide latitude in [their] calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). The agency abuses its discretion if its "decision rests on an error of law . . . or a clearly erroneous factual finding," or if the decision "cannot be located within the range of permissible decisions." *Id.* at 551–52 (internal quotation marks omitted).

An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and the movant "bears the burden of establishing good cause," *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). When considering a continuance to await USCIS's approval of a pending petition, the IJ "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Id.*; *see Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009)

6

(identifying five non-exhaustive factors and noting that "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application"). The IJ "should also consider whether the alien has exercised reasonable diligence in pursuing that relief, DHS's position on the motion, the length of the requested continuance, and the procedural history of the case." *L-A-B-R-*, 27 I. & N. Dec. at 413; *see Hashmi*, 24 I. & N. Dec. at 790, 793–94.

Here, the agency did not abuse its discretion in denying Agard's request for a continuance. Agard principally contends that the agency failed to consider both (1) the likelihood that USCIS would approve the then-pending Form I-130 and (2) his eligibility for an adjustment of status. But as to the first consideration, Agard failed to provide any information regarding whether or when the Form I-130 would be approved. *See* Certified Admin. Record at 68; *see also id.* at 63. He did not, for example, submit any evidence that the petition was *prima facie* approvable – *i.e.*, that he was married and that his marriage was *bona fide*. *See Hashmi*, 24 I. & N. Dec. at 791 (providing that "respondent's request for a continuance should be supported by particularized facts and evidence"); *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (noting that "the arguments of counsel are not evidence"). And as to his eligibility for an adjustment of status, Agard likewise failed to submit

7

any evidence regarding "the likelihood of success of [his] adjustment application." *Hashmi*, 24 I. & N. Dec. at 792 ("[T]he [IJ] needs some basis to examine the merits of the application."). Especially relevant to the agency's consideration here, Agard did not "provide evidence establishing . . . his eligibility for" a waiver of inadmissibility, *id.*, which would have been required given his concession of removability as a noncitizen convicted of two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). *See, e.g.*, Certified Admin. Record 176–77, 609–10. Indeed, the IJ's denial decision noted Agard's "significant criminal convictions and . . . significant pending criminal charges." *Id.* at 68.

In short, Agard had the burden of establishing good cause for a continuance but failed to introduce any meaningful evidence for the agency to evaluate in light of the factors set forth in *Hashmi* and *L-A-B-R-*. Absent such evidence, the agency considered that this was Agard's third request for a continuance pending adjudication of this Form I-130; that the Form I-130 had been pending for over a year at the time of this third request and its approval remained speculative; and that Agard's removal proceedings had been ongoing for more than a decade. *See id.* at 4, 67–68. On this record, we cannot say that the agency abused its discretion in denying Agard's request for a further continuance. *See L-A-B-R-*, 27 I. & N.

Dec. at 413; *see also Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (finding no abuse of discretion in denial of request for continuance where petitioner's "eligibility for adjustment of status was . . . speculative at best").

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court